Filed 2/22/21  P. v. Mesa CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEFFREY DANIEL MESA,<br><br>    Defendant and Appellant. | D077980<br><br><br>(Super. Ct. No. SCS179252) |

APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from a denial of a petition for resentencing under Penal Code[1] section 1170.95.  Defendant Jeffrey Daniel Mesa had previously pleaded guilty to voluntary manslaughter but sought the same relief as would have been available had he pleaded guilty to murder.  The trial court denied the petition.  We conclude the trial court acted correctly.

BACKGROUND

Briefly, on September 22, 2003, Michael Owens was stabbed to death in a park in Chula Vista.  Later, in a live line-up, defendant was identified as one of several gang members who had confronted Owens just prior to the stabbing.  On September 15, 2004, the District Attorney for San Diego County filed a five-count information charging defendant and three others with murder, robbery, participating in a criminal street gang, and battery committed for the benefit of a criminal street gang.  On September 28, 2004, defendant and his codefendants pleaded guilty.  Defendant entered a plea of guilty to one count of voluntary manslaughter as a lesser included offense of murder and admitted having incurred a prior serious felony conviction.  It was stipulated he would serve 27 years in prison.

In 2019, Senate Bill No. 1437 amended the felony murder rule and the natural and probable consequences doctrine as they relate to murder.  The purpose of the new law limits the scope of murder liability for accomplices.  As noted by the parties, the new law also creates a process by which persons convicted of felony murder or murder under a natural and probable consequences theory can petition to vacate their murder convictions and be resentenced on the remaining counts.  (§ 1170.95.)

---

[1]     All further references are to the Penal Code unless otherwise noted.

On February 1, 2019, defendant petitioned the court to modify his sentence pursuant to section 1170.95.  Section 1170.95 provides:

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.

"(b)

"(1) The petition shall be filed with the court that sentenced the petitioner and served by the petitioner on the district attorney, or on the agency that prosecuted the petitioner, and on the attorney who represented the petitioner in the trial court or on the public defender of the county where the petitioner was convicted.  If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition.  The petition shall include all of the following:

"(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a).

"(B) The superior court case number and year of the petitioner's conviction.

"(C) Whether the petitioner requests the appointment of counsel.

"(2) If any of the information required by this subdivision is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of

3

another petition and advise the petitioner that the matter cannot be considered without the missing information.

"(c) The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.

"(d)

"(1) Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence. This deadline may be extended for good cause.

"(2) The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her murder conviction vacated and for resentencing. If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.

"(3) At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges. The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.

"(e) If petitioner is entitled to relief pursuant to this section, murder was charged generically, and the target offense was not charged, the petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes. Any applicable statute of limitations shall not be a bar to the court's redesignation of the offense for this purpose.

4

"(f) This section does not diminish or abrogate any rights or remedies otherwise available to the petitioner.

"(g) A person who is resentenced pursuant to this section shall be given credit for time served. The judge may order the petitioner to be subject to parole supervision for up to three years following the completion of the sentence."

On September 8, 2020, the court denied defendant's petition. Defendant filed a timely notice of appeal.

The sole issue before the court is the applicability of section 1170.95 to defendant's 2004 conviction for manslaughter. We agree with the substantial body of cases, including those from this court, that conclude the benefits awarded by section 1170.95 do not apply to defendant's manslaughter conviction. Therefore, we affirm the trial court's denial of the petition.

## DISCUSSION

To determine whether a petitioner is, as a matter of law, eligible for relief granted under section 1170.95, the court considers documents in the court file and documents otherwise part of the record of conviction. The court must determine first if there is a prima facie showing petitioner falls within the provisions of the section, or whether, as a matter of law, the petitioner is ineligible for relief. It has been held a petitioner is ineligible as a matter of law if the record demonstrates he was convicted of manslaughter rather than murder. (*People v. Turner* (2020) 45 Cal.App.5th 428, 434–436 (*Turner*); *People v. Flores* (2020) 44 Cal.App.5th 985, 993 (*Flores*).)[2]

---

[2] The question whether a petitioner is ineligible as a matter of law where his or her conviction is not for murder is currently before the California Supreme Court. (*People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983.) The question of whether ineligibility may also be premised on the factual basis for a negotiated plea is likewise before the Supreme Court in *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329–330 review granted March 18, 2020, S260493.

Notwithstanding the plain language of the statute, defendant argues it would be inconsistent and a denial of equal protection to apply section 1170.95 only to persons who have been convicted of murder. He also makes an argument that the statute is ambiguous because a defendant who pleads guilty to avoid trial on an impermissible application of natural and probable consequences can take the benefit of the new remedy. Defendant does not mention that the statute by its terms applies only to people convicted of murder and not lesser or related offenses. (§ 1170.95.)

Defendant acknowledges that a substantial body of Court of Appeal decisions have considered the issue he raises, and have ruled against his position. He urges they were all wrongly decided. He points us to no authority, however, supporting his position.

As we have noted, the Courts of Appeal in California have unanimously held that as a matter of law, a petitioner is ineligible for section 1170.95 relief where a petitioner's conviction is for manslaughter rather than murder. Although we could revisit the many cases and explore their reasoning and legislative intent at length, such an analysis has already occurred in prior opinions of this court. (*Turner*, *supra*, 45 Cal.App.5th at pp. 436–440; *Flores*, *supra*, 44 Cal.App.5th at pp. 993–994.) Our opinion in *Turner* discussed each of the issues raised here by defendant and rejected them. (*Turner*, at pp. 436–440; see also *Flores*, at pp. 993–994.) This court has not changed its views since *Turner* and *Flores* were filed.

We conclude that because defendant was convicted of manslaughter, he is as a matter of law ineligible for the relief intended in section 1170.95.

## DISPOSITION

The order denying relief under section 1170.95 is affirmed.

BENKE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

7